NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RENEE BUSH,                                    )
                                              )
            Appellant,                        )
                                              )
v.                                            )        Case No.   2D13-1853
                                              )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY,                            )
                                              )
            Appellee.                         )
_____)

Opinion filed July 30, 2014.

Appeal from the Circuit Court for
Hillsborough County; James M.
Barton, II, Judge.

Stephen A. Barnes and Courtney A.
Umberger of Barnes Trial Group,
Tampa, for Appellant.

Allison G. Mawhinney and David J.
Abbey of Abbey, Adams, Byelick &
Mueller, L.L.P., St. Petersburg, for
Appellee.

KELLY, Judge.

Renee Bush appeals from the final summary judgment rendered in favor of State Farm Mutual Automobile Insurance Company (State Farm).[1] In light of the supreme court's recent decision in State Farm Mutual Automobile Insurance Co. v. Curran, 135 So. 3d 1071 (Fla. 2014), we reverse and remand for further consideration.

Ms. Bush was involved in a traffic accident in which her minivan was rear-ended by another vehicle. When State Farm denied her claim for uninsured/underinsured motorist ("UM") benefits under her policy, she filed a complaint against State Farm seeking payment for expenses resulting from orthopedic injuries that she attributed to the accident. Thereafter, State Farm served a Notice of Examination by an orthopedic surgeon. The Notice explained that the medical examination would be conducted pursuant to both the policy and Florida Rule of Civil Procedure 1.360 and stated the location, time, and date of the exam.[2] Ms. Bush objected to State Farm's Notice and demanded various protections. State Farm notified Ms. Bush that it did not agree to her demands. When the time came for the examination, Ms. Bush did not appear. Based on Ms. Bush's failure to appear, State Farm added a defense of "no coverage" to its pleadings. State Farm then served its motion for summary judgment and argued that because Ms. Bush breached a policy term, she forfeited coverage. Ms. Bush argued in opposition that summary judgment was improper because her failure to

---

[1]Ms. Bush also appeals from the "Order Denying Plaintiff's Motion for Court to Deny Application of Summary Judgment by Defendant, State Farm, Motion to Continue Summary Judgment Hearing, and Motion to Compel Deposition" and the "Order Denying Plaintiff's Motion to Amend Complaint."

[2]In requiring Ms. Bush to submit to an exam, State Farm relied on the policy provision that states, as follows: "Any *person* making claim: a. under the no-fault, medical payments, uninsured motor vehicle and death, dismemberment and loss of sight coverages shall: . . . (2) be examined by physicians chosen and paid by us as often as we reasonably may require."

submit to the examination did not prejudice State Farm or warrant a denial of coverage. Ms. Bush filed a motion to amend and various other motions, which the trial court denied. Following a hearing and additional briefing, the court entered final summary judgment in favor of State Farm.

On appeal, Ms. Bush contends that she had a right to object to State Farm's Notice of Examination under rule 1.360 and that it was the "discovering party's" burden to seek a hearing and an order to compel the examination under rule 1.380(a)(2). She contends that State Farm was not justified in denying coverage because it was not prejudiced by any delay caused by her objections. State Farm alleges that even if a showing of prejudice was required to warrant the denial of benefits, Ms. Bush's refusal to submit to an examination was a breach of the policy terms and that breach was inherently prejudicial to State Farm's contractual right to examine Bush upon reasonable request without litigation or conflict.

While this case was pending on appeal, the supreme court decided Curran, in which the court held that an insured's failure to comply with an insurance policy's compulsory medical examination clause did not result in automatic forfeiture of coverage. 135 So. 3d at 1079. The court concluded that "a [compulsory medical examination] provision in the UM context is a post-loss obligation of the insured and is not a condition precedent to coverage." Id. at 1078. Rather, when an insured breaches a compulsory medical examination provision, the prejudice caused by the breach is an element of the affirmative defense that an insurer has the burden of pleading and proving. Id. at 1079.

In the present case, the trial court's order does not state grounds for granting State Farm's motion for final summary judgment. No finding of a material breach by the insured was made, nor was there a finding of prejudice to State Farm because of the noncompliance with a policy provision. Because the trial court did not have the benefit of Curran, which requires that a finding of prejudice be made before coverage can be denied, we reverse and remand to the trial court for reconsideration in light of Curran.

Reversed and remanded for further proceedings.

LaROSE and MORRIS, JJ., Concur.